**Alfred M. ADAMS, Petitioner,**

v.

**FEDERAL AVIATION ADMINISTRATION, Respondent.**

**No. 92–70089.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 1993.

Decided Aug. 12, 1993.

Thomas L. Toone, Beer, Toone & Ryan, Phoenix, AZ, for petitioner.

Jerome P. Jones, Jr., F.A.A., Washington, DC, for respondent.

Before CHOY, HUG and LEAVY, Circuit Judges.

PER CURIAM:

Appellant Alfred Adams seeks direct review of Federal Aviation Administration ("FAA") Flight Standards Service Director Thomas Accardi's decision not to renew his Pilot Examiner Designation. We conclude that we lack jurisdiction to review the FAA administrator's decision. Accordingly, Adams' petition is dismissed.

Adams was designated as a Pilot Examiner, pursuant to the Federal Aviation ("FA") Act. *See* 49 U.S.C.App. § 1355(a) (1988). The FA Act also authorizes the rescission of any such designation. The FA Act provides, in pertinent part:

> In exercising the powers and duties vested in him by this chapter, the Secretary of Transportation may, subject to such regulations, supervision, and review as he may prescribe, delegate to any properly qualified private person, or to any employee or employees under the supervision of such person, any work, business, or function respecting (1) the examination, inspection, and testing necessary to the is-

suance of certificates under subchapter VI of this chapter, and (2) the issuance of such certificates in accordance with standards established by him. *The Secretary of Transportation* may establish the maximum fees which such private persons may charge for their services and *may rescind any delegation made by him pursuant to this subsection at any time and for any reason which he deems appropriate.*

49 U.S.C.App. § 1355(a) (1988) (emphasis added).

Although the FA Act grants this court jurisdiction to review orders issued by the Board or Secretary of Transportation,[1] we also must consider the restrictions placed on the court's authority to review such orders articulated in the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* The APA confers a general cause of action upon any person "adversely affected or aggrieved by agency action within the meaning of a relevant statute," 5 U.S.C. § 702 (1988), but withdraws that cause of action to the extent the relevant statute "preclude[s] judicial review" or "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(1) and (2) (1988). Appellee asserts that both of the exceptions to judicial review in section 701(a) apply to this case.

▮ We conclude that the FA Act commits the FAA administrator's decision to agency discretion by law. Agency action is unreviewable when "the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler v. Chaney,* 470 U.S. 821, 830, 105 S.Ct. 1649, 1655, 84 L.Ed.2d 714 (1985); *County of Esmeralda v. Dep't of Energy,* 925 F.2d 1216, 1218 (9th Cir.1991); *see also Keating v. Federal Aviation Admin.,* 610 F.2d 611, 612 (9th Cir. 1979). "Such a determination is statute spe-cific and relates to the language of the statute and whether the general purposes of the statute would be endangered by judicial review." *Esmeralda,* 925 F.2d at 1218 (citing *Webster v. Doe,* 486 U.S. 592, 600–01, 108 S.Ct. 2047, 2052, 100 L.Ed.2d 632 (1988)).

Appellee correctly points out that the FA Act does not set out specific factors for an FAA administrator to consider in determining whether to rescind a delegation of power made under 49 U.S.C.App. § 1355(a). It states simply that "[t]he Secretary ... may rescind any delegation made by him pursuant to this subsection at any time and for any reason which he deems appropriate." The statement in the legislative history of the Civil Aeronautics Act that "permit[s] the Secretary and the Administrator to terminate [a delegatee's] authority whenever they deem it advisable," H.R.Rep. No. 3047, 81st Cong., 2nd Sess. (1950), lends support to appellee's position. *See Esmeralda,* 925 F.2d at 1218–19 (citing *Webster,* 486 U.S. at 600, 108 S.Ct. at 2052).

▮ Although the chapter of the Act relevant to this case provides for judicial review of any order issued by the Board or Secretary of Transportation, *see* 49 U.S.C.App. § 1486(a) (1988), there is no judicially-manageable standard by which we may review the FAA administrator's decision not to renew Adams' designation as a Pilot Examiner. *Compare Webster,* 486 U.S. at 600–01, 108 S.Ct. at 2052 (judicial review precluded) and *Chaney,* 470 U.S. at 830, 835, 105 S.Ct. at 1655, 1657 (same) *with Esmeralda,* 925 F.2d at 1219 (judicial review not precluded). Both the FA Act and the applicable FAA administrative regulation commit the decision to terminate a Pilot Examiner Designation entirely to the FAA administrator's discretion. *See* 49 U.S.C.App. § 1355(a) (1988); 14 C.F.R. § 183.15 (1993).[2]

---

**1.** The Act provides in relevant part:

Any order, affirmative or negative, issued by the Board or Secretary of Transportation under this chapter, ..., shall be subject to review by the courts of appeals of the United States or the United States Court of Appeals for the District of Columbia upon petition, filed within sixty days after entry of such order, by any person disclosing a substantial interest in such order.

49 U.S.C.App. § 1486(a) (1988).

**2.** The regulation provides in relevant part:

(d) A designation made under this subpart terminates—
(1) Upon the written request of the representative;
(2) Upon the written request of the employer in any case in which the recommendation of the employer is required for the designation;

Therefore, we hold that we lack jurisdiction to review the FAA administrator's decision not to renew Adams' Pilot Examiner Designation.

Adams' petition is **DISMISSED.**

(3) Upon the representative being separated from the employment of the employer who recommended him for certification;

(4) Upon a finding by the Administrator that the representative has not properly performed his duties under the designation;

(5) Upon the assistance of the representative being no longer needed by the Administrator; or

(6) *For any reason the Administrator considers appropriate.*

14 C.F.R. § 183.15(d) (1993) (emphasis added).