**In re GIDEON, INC., Debtor.**

**Bankruptcy No. 89–23879–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

Aug. 20, 1993.

Reggie David Sanger, Fort Lauderdale, FL, for trustee.

Charles Glidewell, Miami, FL, Office of the U.S. Trustee.

Donna Bumgardener, Tamarac, FL, trustee.

## MEMORANDUM DECISION ON DONNA BUMGARDENER, TRUSTEE'S MOTION TO WAIVE REQUIREMENT FOR REMITTING ORIGINAL CHECKS AND BANK STATEMENTS TO U.S. TRUSTEE'S OFFICE

A. JAY CRISTOL, Bankruptcy Judge.

The Panel Trustee, DONNA BUMGARDENER, ("Trustee") seeks an order from this Court allowing her to waive the requirement of the United States Trustee ("UST") that all original checks and bank statements be submitted along with the Trustee's final report. The UST vigorously opposes the waiver of its requirement, and suggested at the hearing on the Trustee's motion that perhaps this is an area where the Court should refrain from exercising its jurisdiction or monitoring activities.

During the administration of the estate, the Trustee had an accountant appointed by the Court to assist her in the preparation of financials, and to assist in the preparation of the Trustee's reports. Tragically, the accountant passed away as a result of lung cancer. After the accountant died, her immediate family, in an effort to expeditiously conclude her personal affairs, sold, gave away, or otherwise disposed of the personal effects of the accountant. Contained in the materials disposed of was a box containing the original checks and bank statements of the Debtor.

The UST suggests that, because the Trustee violated her requirement to provide the checks and statements that the Trustee should be responsible for the considerable cost of having same reproduced. Because the UST's regulations govern the area of case administration, he suggests that this is an area where the Court should refrain from exercising jurisdiction or monitoring, while stopping short of any direct challenge to the jurisdiction of the Court.

Although the UST has not explicitly challenged the Court's jurisdiction in this area, the Court is of the opinion that it must visit the issue nonetheless, for if, as the UST suggests, the Court's exercise of jurisdiction in the area of case administration is discretionary, then an examination of that jurisdiction and its sources is appropriate before the Court may move on to the larger issue at hand of whether to exercise that jurisdiction.

■ Pursuant to 11 U.S.C. § 307 the UST is the equivalent of a party in interest. When the UST makes a motion or objection which comes on for hearing before the Court, the UST is simply another party litigant. However, the UST may also act as an administrative arm of bankruptcy according to statutory enactment, such as appointing or removing trustees, requiring reports, scheduling meetings of creditors, etc. In these instances, the UST no longer acts as a party litigant but as an official authority whose action may be reviewed by another official authority, the Court.[1]

■ In questions involving judicial review of administrative action, the Court must examine the Administrative Procedure Act, 5 U.S.C. § 551 et seq. ("APA"). In examining whether the UST is an agency, 5 U.S.C. §§ 551(1), and 701(b)(1) provide, in pertinent part:

"agency" means each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include—

(A) the Congress;

(B) the courts of the United States;

(C) the governments of the territories or possessions of the United States;

(D) the government of the District of Columbia;

(E) agencies composed of representatives of the parties or of the representa-

---

1. *In re Vance,* 120 B.R. 181, 185 (Bkrtcy. N.D.Okl.1990).

tives of organizations of the parties to the disputes determined by them;

(F) courts martial and military commissions;

(G) military authority exercised in the field in time of war or in occupied territory; or

(H) functions conferred by sections 1738, 1739, 1743, and 1744 of title 12; chapter 2 of title 41; or sections 1622, 1884, 1891–1902, and former section 1641(b)(2), of title 50, appendix; . . .

 Because of the ambiguity and uncertainty regarding the interpretation of the term "authority of the Government of the United States", most courts will simply examine the relationship between various governmental agencies and the courts as the facts and circumstances dictate.[2] Accordingly, the criteria utilized in making such a determination are whether the entity has authority to act with the sanction of government support,[3] or has any authority in law to make decisions [4], or has substantial authority in the exercise of specific functions.[5] The APA is intended to apply to agencies in the executive branch [6], and the term "agency" includes officials who exercise functions vested by Congress in the President and delegated by the President to them, and has been held to include a wide range of entities operating under the Secretariats or Departments, including the Department of Justice.[7]

Although the UST is not an "auxiliary" of the courts in an organizational sense, as the Probation Service was found to be in *Pickus,* cited *supra,* it certainly is so in a functional sense.[8] Thus, the UST may properly be considered an "agency" within the meaning of 5 U.S.C. §§ 551(1) and 701(b)(1).[9] However, the UST is not as independent of the courts as other administrative agencies.[10] The UST exists merely to relieve Bankruptcy Courts of tasks which those courts did themselves until recently.[11] There is little specialized expertise the UST has which the Bankruptcy Court does not have as well.[12] It may also be noted that the UST has few if any responsibilities until a case is filed in Bankruptcy Court, making those duties incident to proceedings in Bankruptcy Court.

 The next level of inquiry is whether the UST's requirement is "agency action". "Agency Action" as defined in 5 U.S.C. § 551(13), includes:

the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act.

"Rule", "order", "license", "sanction", and "relief" are defined in 5 U.S.C. § 551(4), (6), (8), (10) and (11), respectively. Read together, the foregoing provisions clearly indicate that "agency action" encompasses practically everything an agency or its officers may do, or not do, in the line of duty.[13]

Having determined jurisdiction over the subject proceeding, the next level of inquiry involves the scope and application of this

2. *Washington Research Project, Inc. v. Dept. of Health, Education and Welfare,* 504 F.2d 238, 245–246 (D.C.Cir.1974).

3. *Ellsworth Bottling Co. v. U.S.,* 408 F.Supp. 280 (W.D.Okl.1975).

4. *Public Citizen Health Research Group v. Dept. of Health, Education and Welfare,* 449 F.Supp. 937 (D.D.C.1978).

5. *Conservation Law Foundation v. Harper,* 587 F.Supp. 357 (D.Mass.1984).

6. *Seltzer v. Foley,* 502 F.Supp. 600 (D.C.N.Y. 1980).

7. *In re Vance,* 120 B.R. 181, 187, (Bkrtcy. N.D.Okl.1990), citing *Blackwell College of Business v. Attorney General,* 454 F.2d 928 (D.C.Cir.

1971); *Ramer v. Saxbe,* 522 F.2d 695 (D.C.Cir. 1975); *Pickus v. U.S. Board of Parole,* 507 F.2d 1107 (D.C.Cir.1974); *King v. U.S. Board of Parole,* 492 F.2d 1337 (7th Cir.1974).

8. *In re Vance,* at 187.

9. *In re Sharon Steel Corp.,* 100 B.R. 767 (Bkrtcy. W.D.Pa.1989); *In re McLean Industries, Inc.,* 70 B.R. 852 (Bkrtcy.S.D.N.Y.1987).

10. *In re Vance,* at 185.

11. *Id.*

12. *Id.*

13. *See In re Vance,* at 187.

Court's review. Two separate provisions of the APA address the scope and application of judicial review. Section 701(a) provides:

This Chapter applies, according to the provisions thereof, except to the extent that—

(1) statutes preclude judicial review; or

(2) agency action is committed to agency discretion by law.

Section 706 provides that:

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

(1) compel agency action unlawfully withheld or unreasonably delayed; and

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; ·

(B) contrary to constitutional right, power, privilege, or immunity;

(C) in excess of statutory jurisdiction, authority, or limitations. or short of statutory right;

(D) Without observance of procedure required by law;

(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

Because the aforementioned statutes are part of the same act, they must be construed together. Although there is an apparent conflict between the two provisions, specifically between § 701(a)(2) and § 706(2)(A), this Court need not address it, for the issue at hand involves agency action (refusal to waive its requirement), which presumably includes an agency's decision not to do something, (in this instance, waive its requirement) as distinguished from an agency's failure to decide whether to do something, which is reviewable under § 706(1), and specifies six different things the reviewing court shall do.

Thus, in reviewing the UST's decision to oppose any waiver of its requirement of original checks and bank statements, this Court shall adopt the standard expressly prescribed in § 706(2)(A). In the absence of any direct challenge to the Trustee's final report by any creditor or by the UST, and under the tragic circumstances surrounding the disappearance of the checks in question, the UST's unwillingness to waive its requirement seems arbitrary and capricious.

Pursuant to the aforementioned provisions, as well as 11 U.S.C. § 105, the Court hereby grants the Trustee's motion to waive the original check and bank statement requirement. Subject to an objection by a creditor as to any questioned checks or bank statements, same shall be reproduced, utilizing funds of the estate.

.DONE AND ORDERED.