Philip R. JOELSON, Plaintiff,

v.

UNITED STATES of America, et al., Defendants.

Bankruptcy No. 3:94 CV 7100.

United States District Court, N.D. Ohio, Western Division.

Feb. 13, 1995.

## MEMORANDUM OPINION

KATZ, District Judge.

On December 23, 1994 Plaintiff, Philip R. Joelson, filed a complaint challenging his removal as a member of the Panel of Northwest Ohio, Chapter 7 Trustees. The eight count complaint alleges violations for which relief is sought as follows: (I) The Administrative Procedures Act, 5 U.S.C. § 551 et seq.; (II) Failure to comply with Fifth Amendment due process of law regarding Plaintiff's liberty interest in his good name, reputation and integrity, and depriving him of his liberty interest to pursue his profession; (III) Tortious interference with Plaintiff's United States Constitutional and statutory rights.

Plaintiff seeks relief in the nature of an order restoring him to the panel of Chapter 7 Trustees; damages, including lost income and interest thereon; attorney's fees and costs; a declaration that the applicable amendments to the Federal Bankruptcy Act are unconstitutional; and such other relief as this Court deems appropriate.

Defendants have moved for dismissal of the complaint pursuant to Rule 12(b), Fed. R.Civ.P. Defendants as well have raised issues of jurisdiction over many of the individual Defendants. Plaintiff has filed his brief in opposition to the motion to dismiss and has asked that this Court order the Defendants to answer the complaint. Since this Court has determined to sustain Plaintiff's motion to dismiss, for the reasons hereinafter delineated, the issue of personal jurisdiction over several of the Defendants becomes moot.

## FACTUAL BACKGROUND

Plaintiff formerly served as a Bankruptcy Trustee under various iterations of the Bankruptcy Rules, Regulations, and Statutes from 1966 to 1992. He was removed from the active case rotation on March 12, 1992 by the U.S. Trustee for this area, an action which said Trustee reviewed, which review included a personal meeting with the Plaintiff on September 2, 1993. However, the U.S. Trustee concluded not to reverse his prior decision

Philip R. Joelson, Toledo, OH, pro se.

Verne K. Armstrong, Holly Taft Sydlow, Office of the U.S. Atty., Toledo, OH, for defendants.

and advised the Plaintiff in a letter of November 16, 1993 as follows:

Upon review of your prior case administrations, adherence to procedures, and interaction with creditors, debtors, and our office, there continues to be numerous concerns. As a result, I am unable to return you to the active case rotation.

On February 25, 1994 this action was commenced by the filing of the complaint seeking the relief outlined above.

## MOTION TO DISMISS STANDARD

In deciding a motion to dismiss under Rule 12(b) Fed.R.Civ.P., the function of the Court is to test the legal sufficiency of the complaint. In scrutinizing the complaint, the Court is required to accept the allegations stated in the complaint as true, *Hishon v. King & Spalding,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), while viewing the complaint in a light most favorable to the plaintiffs. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir. 1976). The Court is without authority to dismiss the claims unless it can be demonstrated beyond doubt that the plaintiff can prove no set of facts that would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Westlake, supra,* at 858. *See generally* 2A J. Moore & J. Lucas, Moore's Federal Practice, ¶ 12.07[2.–5] (2d ed. 1994).

## A. ADMINISTRATIVE PROCEDURES ACT CLAIM

■ The complaint asserts that the office of the U.S. Trustee for Region 9 (which encompasses Ohio and Michigan) "arbitrarily" halted the distribution of newly filed Chapter 7 bankruptcy case assignments to the Plaintiff as a duly appointed, qualified and acting Chapter 7 Panel Trustee in Bankruptcy. The Plaintiff alleges numerous alternative measures were attempted to resolve the complaint prior to filing this action and that his membership on the Panel constitutes a "license" under the Administrative Procedures Act, 5 U.S.C. § 551(8). Pursuant to § 558(c) of that Act, the withdrawal, suspension, revocation or annulment of a "license" requires prior notice in writing of the facts or conduct warranting such action and opportunity to demonstrate compliance with all lawful requirements. Plaintiff alleges that the Defendants have refused to comply with the due process requirements of the Administrative Procedures Act ("APA") and should be enjoined from removing him until such time that appropriate cause, if any, has been found after their compliance with the due process requirements of that Act.

Defendants argue that this Court lacks authority to review the U.S. Trustees' decision to remove Plaintiff from the Panel because such decisions are committed to agency discretion and are not judicially reviewable. Plaintiff has responded that he is entitled to such judicial review because of the above outlined failure of the U.S. Trustee to comply with the APA's procedural safeguards.

While the APA does confer a general cause of action upon any individual "adversely affected or aggrieved by agency action within the meaning of a relevant statute," (5 U.S.C. § 702), that right is not applicable to the extent the relevant statute "precludes judicial review" or "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(1) and (2); *Adams v. Federal Aviation Administration,* 1 F.3d 955 (9th Cir. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 690, 126 L.Ed.2d 657 (1994). Plaintiff has alleged and the U.S. Trustee has conceded that the office is an "agency" within the definition of the APA, and that Plaintiff's removal from the Panel was "agency action" as defined by the APA. Whether this Court may review that decision is determined by an analysis of the applicable statute and whether removal of Panel members has been committed to "agency discretion".

The Supreme Court has stated that a determination concerning reviewability under § 701(a) should be made "before any review may be had at all under the APA." *Heckler v. Chaney,* 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985). Furthermore, judicial review is not available under the APA if a statute has committed agency action to the agency's discretion and "the statute is drawn so that a Court would have no meaningful standard against which to judge the agency's

exercise of discretion." *Heckler,* 470 U.S. at 830, 105 S.Ct. at 1655. The foregoing principle has been followed in many cases, including *Lincoln v. Virgil,* —— U.S. ——, 113 S.Ct. 2024, 124 L.Ed.2d 101 (1993); *American Bank, N.A. v. Clarke,* 933 F.2d 899 (10th Cir.1991) and *Falkowski v. E.E.O.C.,* 764 F.2d 907 (D.C.Cir.1985) *cert. denied* 478 U.S. 1014, 106 S.Ct. 3319, 92 L.Ed.2d 727 (1986). The Seventh Circuit has held that a determination of whether an action is committed to agency discretion is statute specific and requires an examination of the language of the statute. *Scalise v. Thornburg,* 891 F.2d 640 (7th Cir.1989), *cert. denied* 494 U.S. 1083, 110 S.Ct. 1815, 108 L.Ed.2d 945 (1990). That Court held that the decision by the United States Attorney General to refrain from issuing regulations was committed to agency discretion as a matter of law. The applicable statute read in part: "[T]he attorney general is authorized ... to make regulations...." *Id.* Because the Court in *Scalise* determined that the statute did not provide guidance to evaluate whether such regulations were to be promulgated, it held that the district court lacked jurisdiction.

The United States District Court for this District has applied the foregoing general principles in *Harris v. McLaughlin,* 732 F.Supp. 780 (N.D.Ohio 1989). In that case a veteran filed an action against the Office of Federal Contract Compliance Programs ("OFCCP"), contending that a federal contractor violated the Vietnam Era Veterans' Readjustment Act ("VEVRA"). Plaintiff based his case upon the APA. Defendants' moved to dismiss the case, arguing that judicial review was precluded. This Court agreed and held that the actions of the OFCCP were committed to agency discretion *as a matter of law.* It was observed that VEVRA did not provide specific legal standards for judicial review and only directed the OFCCP to "take appropriate action." Furthermore, the regulations under VEVRA did not provide any standards to be applied by the Court.

The applicable section governing this case is 28 U.S.C. § 596, which provides in pertinent part, that:

(a) Each United States trustee, within the region for which such United States trustee is appointed, shall—

(1) establish, maintain, and supervise a panel of private trustees that are eligible and available to serve as trustees in cases under chapter 7 of title 11;

\* \* \* \* \* \*

(3) supervise the administration of cases and trustees in cases under chapter 7, 11, or 13 of title 11 by, whenever the United States trustee considers it to be appropriate—

\* \* \* \* \* \*

(D) taking such action as the United States trustee deems to be appropriate to ensure that all reports, schedules, and fees required to be filed under title 11 and this title by the debtor are properly and timely filed;

\* \* \* \* \* \*

(G) monitoring the progress of cases under title 11 and taking such actions as the United States trustee deems to be appropriate to prevent undue delay in such progress;

\* \* \* \* \* \*

(5) perform the duties prescribed for the United States trustee under title 11 and this title, and such duties consistent with title 11 and this title as the Attorney General may prescribe.

Each U.S. Trustee, with the approval of the Director of the Executive Officer for the United States Trustees, ("the Director") is authorized to increase or decrease the total membership of the Panel, or institute a rotation of membership to establish diversity on the Panel. An examination of the applicable statutory language and regulations promulgated pursuant thereto establishes to the satisfaction of this Court that there is no judicial standard against which to evaluate a U.S. Trustee's exercise of discretion regarding membership in the Panel of Trustees. The decision to remove a trustee from the Panel of private trustees requires the determination of factors which are within the unique expertise of the U.S. Trustee. As noted above, the U.S. Trustee determined

there were significant concerns regarding the Plaintiff's performance of duties as a Trustee in past cases. This Court agrees with the position of the defendants that by committing the decision to remove Panel members to the discretion of the U.S. trustee, Congress has afforded the U.S. Trustee flexibility by permitting him to adapt to changing circumstances through the power to alter the composition of the Panel of private trustees. As a result of the discretion afforded to the U.S. Trustee, the decision to remove a Panel member renders that decision immune from judicial review under the APA. *See Heckler v. Chaney,* 470 U.S. at 830, 105 S.Ct. at 1655. Therefore, this Court lacks jurisdiction over counts I and II of the complaint, both of which must be dismissed pursuant to Fed. R.Civ.P. 12(b)(1).

## B. CONSTITUTIONAL ISSUES

■ Plaintiff has alleged that he has a protected liberty interest in his good name, reputation, honor, and integrity and/or in his Panel membership and, further, that he has a protected property interest in that Panel membership. For the reasons hereinafter stated, this Court finds the allegations, contained in counts III, IV, and V of the complaint are without merit and must be dismissed.

The due process protections of the Fifth Amendment are applicable only in those instances when an individual would be deprived of a "significant protected property or liberty interest." *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Plaintiff alleges that his removal from the panel without notice and without a hearing violated his due process rights under the Fifth Amendment with regard to that reputation and deprived him of his liberty interest and his protected property rights to membership on the Chapter 7 Panel of Trustees. Defendants urge the Court to reject that claim and have taken the position that the Plaintiff's claims under the Fifth Amendment must fail because he was not deprived of a significant liberty or property interest.

In support of his position, plaintiff relies on the cases of *Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971) and *Alaska Air Lines, Inc. v. City of Long Beach,* 951 F.2d 977 (9th Cir.1991). The Supreme Court in *Bell* recognized that continued possession of a license, once issued ". . . may become essential in the pursuit of a livelihood" and termination of the license, whether denominated a right or a privilege, requires compliance with procedural due process. The *Bell* case involved a Georgia statute which provided that the license of an uninsured motorist involved in an accident would be suspended unless that driver posted a bond in the amount of damages claimed by the aggrieved party. An administrative hearing conducted prior to the suspension of the license excluded consideration of the motorist's potential fault or liability. Plaintiff, an itinerant minister, claimed to require the license so as to drive in order to earn his living and challenged the suspension of his driver's license without a determination of fault following the accident. The Supreme Court concluded that the statute violated Plaintiff's procedural due process rights. Likewise, the Ninth Circuit in *Alaska Airlines* relied upon the *Bell* case to hold a municipal ordinance which proposed reduction in the number of permitted flights allocated to carriers unconstitutional and violative of the due process clause of the Fifth Amendment because of the failure to grant notice and a hearing. The Court concluded that the flight allocations were licenses which, while not subject to absolute entitlement, were essential in pursuit of livelihood and could not be taken away without procedural due process.

■ The driver's license at issue in *Bell* and the flight allocations at issue in *Alaska Airlines* are readily distinguishable from Plaintiff's Panel membership. An appointment to a Chapter 7 Bankruptcy Trustee Panel does not grant an individual an affirmative right to perform a particular act. And, likewise, continued membership on that panel depends upon the exercise of judgment and discretion by the granting official, here the U.S. Trustee.

■ "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He

must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Roth*, 408 U.S. at 577, 92 S.Ct. at 2709. Generally, the APA does not create substantive rights where they do not otherwise exist. The APA cannot support a claim of entitlement to continued membership on the Chapter 7 Panel because the decision to remove a trustee is committed to agency discretion. This Circuit has indicated that discharge of a high school football coach for alleged improper racial remarks was not violative of his substantive due process rights. *Holthaus v. Board of Education*, 986 F.2d 1044 (1993). Many other cases have held, in instances similar to the one at issue here, that there is no protected property right which requires adherence by the administrative agency to substantive due process. *See Sutton v. Board of Education* 958 F.2d 1339 (6th Cir.1992); *Brady v. Gebbie*, 859 F.2d 1543 (9th Cir.1988), *cert. denied* 489 U.S. 1100, 109 S.Ct. 1577, 103 L.Ed.2d 943 (1989); *Graham v. City of Oklahoma City*, 859 F.2d 142 (10th Cir.1988) (city manager held to have discretion to determine when and under what circumstances disciplinary action would be for the good of the service, thus, police officer had no constitutionally protected property interest in continued employment).

This Court cites with approval a recent decision which is almost on all fours with the case *sub judice*. *Shaltry v. United States*, CIV 93–2009 PHX EHC, —— B.R. —— [1995 WL 285565] (D.Ariz. Jan. 5, 1995). The District Court in *Shaltry*, in a well-reasoned opinion, found that since there was no property interest in Plaintiff's Panel membership, no due process was necessary under the provisions of the Fifth Amendment to the United States Constitution.

■ Plaintiff has further asserted that he has a protected liberty interest in his good name, reputation, honor and integrity, as well as in his Panel membership. It is well settled that a deprivation of liberty in the employment context entails stigmatizing governmental action which so negatively affects an individual's reputation that it effectively forecloses the opportunity to practice a chosen profession. *Roth*, 408 U.S. at 573–74, 92

S.Ct. at 2707–08; *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991).

This Circuit has held that the threshold requirement for showing damage to one's reputation is a "public" disclosure of the allegedly stigmatizing information. *Christian v. Belcher*, 888 F.2d 410, 417 (6th Cir.1989). That public disclosure must be alleged in the complaint; this the Plaintiff has failed to do. Plaintiff's only citation is that his reputation has been detrimentally impacted by statements in Defendant Michel's November 16, 1993 letter denying him the right to reinstatement to active case rotation on the Chapter 7 Panel. Plaintiff has failed to plead any facts demonstrating that his reputation has been harmed in any way.

■ However, assuming arguendo that Plaintiff has shown a public disclosure through pleading the letter of Defendant Michel, a liberty interest is implicated only where the stated grounds so stigmatize an individual that his ability to obtain other employment opportunities is foreclosed. *Lee v. Western Reserve Psychiatric Habilitation Center*, 747 F.2d 1062, 1069 (6th Cir.1984). This Court agrees with the position of the Defendants that the grounds stated in Mr. Michel's letter of November 16, 1993 do not rise to a constitutional dimension. Courts have recognized that "liberty" is not infringed by a label of incompetence or a failure to meet a specific level of skills that only would affect one's professional life by forcing "the individual down one or two notches in the professional hierarchy." *Stretten v. Wadsworth Veterans Hospital*, 537 F.2d 361, 366 (9th Cir.1976); *Munson v. Friske*, 754 F.2d 683 (7th Cir.1985). Nor is a liberty interest implicated where the charges merely result in reduced economic returns and diminished prestige. *Munson*, 754 F.2d at 693; *Roth*, 408 U.S. at 574 n. 13, 92 S.Ct. at 2707 n. 13 (1972).

Plaintiff's allegation that exclusion from his chosen "profession" as a Bankruptcy Trustee constitutes a loss of an entitlement to that job is without merit. He remains an active member of the legal profession, or at least retains the ability to practice in any specialty within the profession or outside of it. He may use his education and experience to pursue other opportunities. He does not

allege that he has been so stigmatized that his other professional opportunities are adversely impacted.

In the opinion of this Court, Plaintiff has failed to state a valid claim that his removal from the Chapter 7 Panel involves a liberty interest requiring procedural due process protections. Consequently, Defendant's motion to dismiss Counts III and IV of the complaint must be granted as must their motion to dismiss Count V; Plaintiff has failed to establish a protected property interest in a Panel position.

## C. COMMON LAW COURT ACTION

In Count VI of the complaint Plaintiff has alleged tortious interference with his constitutional and statutory rights. The mere recitation of a constitutional cause of action does not, *ipso facto*, create a constitutional claim. The Supreme Court of the United States has repeatedly emphasized that the Constitution was not drafted to replace traditional tort law. *Daniels v. Williams,* 474 U.S. 327, 336, 106 S.Ct. 662, 667, 88 L.Ed.2d 662 (1986). While Plaintiff has couched his claims in Fifth Amendment due process language, this Court agrees with the Defendants' assertion that his action is a common law tort claim seeking damages for alleged tortious interference with his property right of continued appointment and assignment to cases as a Chapter 7 Panel Trustee. The damages sought are as a result of a common law tort and his exclusive remedy is against the United States under the Federal Tort Claims Act pursuant to 28 U.S.C. § 2679(b)(1). *U.S. v. Smith,* 499 U.S. 160, 111 S.Ct. 1180, 113 L.Ed.2d 134 (1991). This action cannot, in its present state, proceed under the Federal Tort Claims Act because Plaintiff has failed to allege compliance with the mandatory provisions of that Act which require exhaustion of administrative remedies prior to litigation. Thus, this Court does not have jurisdiction to hear Count VI of the complaint and it must be dismissed.

## D. CLAIM OF PLAINTIFF THAT THE UNITED STATES TRUSTEE PROGRAM IS UNCONSTITUTIONAL

In Counts VII and VIII of the complaint Plaintiff argues that the U.S. Trustee program is unconstitutional under both Article III and Article I Section 8 of the U.S. Constitution. This Court is persuaded that the decision of the Ninth Circuit in *St. Angelo v. Victoria Farms, Inc.,* 38 F.3d 1525 (9th Cir.1994), is well reasoned and should be followed. In that case the Court of Appeals for the Ninth Circuit rejected the argument that the United States Trustee program is unconstitutional. While holding a portion of the provisions unconstitutional because the extension of time granted to Alabama and North Carolina to join the U.S. Trustee system violated Article I, Section 8, Clause 4 of the United States Constitution, the Court in *St. Angelo* refused to hold the entire program unconstitutional:

> By striking down 317(a)'s amendment of 28 U.S.C. § 1930 rather than 28 U.S.C. § 1930 in its entirety, we leave in place a uniform law governing bankruptcy throughout the nation. Thus, we decline to invalidate all of § 1930 or any other part of the statutory scheme governing the U.S. Trustee system.

*St. Angelo,* at 1533. Moreover, the Court of Appeals in that case recognized the "extensive discretion" to be afforded to U.S. Trustees when deciding to appoint trustees. As noted by the Court:

> [T]he statute entrusts U.S. Trustees with extensive discretion to appoint interim and successor trustees, monitor and supervise bankruptcy proceedings, examine debtors, advise the bankruptcy courts, and even, in some circumstances, to seek dismissal of cases.

*Id.* at 1530.

This Court chooses to follow the Ninth Circuit and accordingly to dismiss Counts VII and VIII of the complaint.

## CONCLUSION

In summary, this Court finds that Defendants' motion to dismiss (Doc. # 15) should be granted as to all counts of the complaint and the case in full should be dismissed. The issues of personal jurisdiction over the

individual Defendants and the qualified immunity of Defendants need not be reached.

**IT IS SO ORDERED.**