87 F.3d 1322
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wenda SHALTRY, Plaintiff-Appellant,
v.
UNITED STATES of America, et al., Defendants-Appellees.
 No. 95-15340.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 29, 1996.
Decided June 26, 1995.
 
 Before: ALARCON, BEEZER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff Wenda K. Shaltry appeals the district court's dismissal of her claims under Fed.R.Civ.P. 12(b). Shaltry filed suit after she was removed from the panel of Chapter 7 bankruptcy trustees for the District of Arizona. She asserted claims under the Administrative Procedure Act (APA), the Fifth Amendment's liberty and property due process guarantees, and tort law. The district court dismissed her claims. Shaltry filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 3
 * Shaltry was appointed to a membership on the panel of Chapter 7 bankruptcy trustees for the District of Arizona in April, 1987. Membership on the panel means that a person is in a pool of individuals eligible and available to be named interim trustees in Chapter 7 (liquidation) bankruptcy cases.
 
 
 4
 Shaltry's membership was terminated by letter in June, 1990. The letter recited that the reason for her termination was her performance as a trustee, including general problems as well as one specific incident where Shaltry's actions allegedly created the impression of a collusive agreement between Shaltry and a bidder. Shaltry was not removed from any cases to which she had already been assigned. Shaltry denies any wrongdoing and asserts that she "never received any notice of any alleged deficiencies in her performance, nor had she ever been given any opportunity to respond to Defendants' allegation." The parties disagree as to whether Shaltry had previously been advised of deficiencies in her performance; they agree that she was not afforded a hearing prior to her removal.
 
 
 5
 Shaltry filed a complaint on April 15, 1993. That case was assigned district court number CIV 93-0725 PHX EHC (case 0725). It was apparently largely the same as a later-filed complaint, but may have suffered defects in the service of process. On October 19, 1993, Shaltry filed another complaint in U.S. District Court for the District of Arizona, asserting five claims: (1) failure to comply with the requirements of the Administrative Procedure Act, 5 U.S.C. 558(c); (2) deprivation without due process of her liberty interest in her "good name, reputation, honor and integrity"; (3) deprivation without due process of her liberty interest in pursuing her profession; (4) deprivation without due process of her property interest in her membership on the Chapter 7 panel; and (5) tortious interference with her statutory and constitutional rights. This complaint was assigned case number CIV 93-2009 PHX EHC (case 2009). The district court entered an order on April 28, 1994, holding case 0725 in abeyance pending further order of the court.
 
 
 6
 Defendants moved to dismiss case 2009 under Fed.R.Civ.P. 12(b). The district court dismissed all five claims in case 2009 in an order filed January 5, 1995. In a separate order, the district court also dismissed case 0725 "for reasons discussed" in the order dismissing case 2009. The order dismissing case 0725 was filed January 4, 1995. Shaltry filed a timely notice of appeal in case 0725 on February 21, 1995. The parties have treated this appeal as an appeal from the dismissal of case 2009. Pursuant to Fed.R.App.P. 3(a), we treat the Notice of Appeal as an appeal of case 2009. We have jurisdiction under 28 U.S.C. § 1291.
 
 II
 
 7
 The district court dismissed Shaltry's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). We review de novo dismissals for lack of subject-matter jurisdiction. Valdez v. United States, 56 F.3d 1177, 1179 (9th Cir.1995). We also review de novo dismissals for failure to state a claim upon which relief can be granted. Stone v. Travelers Corp., 58 F.3d 434, 436-437 (9th Cir.1995).
 
 III
 
 8
 The APA's judicial review provisions are found in 5 U.S.C. §§ 701-706. Regarding judicial review of agency action under the APA, the Supreme Court has stated:
 
 
 9
 The APA's comprehensive provisions for judicial review of "agency actions" are contained in 5 U.S.C. §§ 701-706.... But before any review at all may be had, a party must first clear the hurdle of § 701(a). That section provides that the chapter on judicial review "applies, according to the provisions thereof, except to the extent that--(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law."
 
 
 10
 Heckler v. Chaney, 470 U.S. 821, 828 (1985). When judicial review is sought under the APA, jurisdiction is based on 28 U.S.C. § 1331. Id. at 825. See also Califano v. Sanders, 430 U.S. 99, 105 (1976) (APA does not provide independent basis of jurisdiction).
 
 
 11
 Shaltry argues that 5 U.S.C. § 558 confers a right to judicial review independent of the provisions of §§ 701-706. As the district court stated, "Plaintiff's argument is misplaced.... The issue of whether or not review may be had under the APA is independent of whether or not a violation of a particular protection under the APA occurred." Judicial review of agency action under the APA must be had, if at all, under the provisions of §§ 701-706. To invoke these provisions, Shaltry must first get past the threshold obstacle in § 701(a)(2) that the action challenged not be committed to agency discretion.
 
 
 12
 Shaltry argues that "5 U.S.C. § 558(c) is the law that governs the Defendants' removal of Ms. Shaltry's panel membership" and that accordingly, the decision is not committed to agency discretion. Again, Shaltry's argument is not correct. Membership on the trustee panel is governed by 28 U.S.C. § 586, and is committed to agency discretion. The statute states:
 
 
 13
 (a) Each United States trustee, within the region for which such United States trustee is appointed, shall--
 
 
 14
 (1) establish, maintain, and supervise a panel of private trustees that are eligible and available to serve as trustees under chapter 7 of title 11;
 
 
 15
 * * *
 
 
 16
 (3) supervise the administration of cases and trustees in cases under chapter 7, 11, or 13 of title 11 by, whenever the United States trustee considers it to be appropriate--
 
 
 17
 * * *
 
 
 18
 (D) taking such action as the United States trustee deems to be appropriate to ensure that all reports, schedules, and fees required to be filed under title 11 and this title by the debtor are properly and timely filed;
 
 
 19
 * * *
 
 
 20
 (G) monitoring the progress of cases under title 11 and taking such actions as the United States trustee deems to be appropriate;
 
 
 21
 (5) perform the duties prescribed for the United States trustee under title 11 and this title, and such duties consistent with title 11 and this title as the Attorney General may prescribe.
 
 
 22
 28 U.S.C. § 586. Relevant regulations provide that:
 
 
 23
 Each U.S. Trustee is authorized, with the approval of the Director, Executive Office for United States Trustees (the "Director") to increase or decrease the total membership of the panel. In addition, each U.S. Trustee, with the approval of the Director, is authorized to institute a system of rotation of membership or the like to achieve diversity of experience, geographical distribution or other characteristics among the persons on the panel.
 
 
 24
 28 CFR § 58.1(b).
 
 
 25
 We have previously noted that this language confers discretion on the U.S. Trustee to remove individuals from panel membership. Bernard v. Coyne (In re Bernard), 31 F.3d 842, 844 (9th Cir.1994) ("Once appointed [to a case], a Chapter 7 trustee can be removed from a case only by order of the bankruptcy court. 11 U.S.C. § 324. The U.S. Trustee can, however, remove or suspend trustees from the panel for performance or other reasons." (emphasis added)).
 
 
 26
 The legislative history supports our holding, stating that:
 
 
 27
 The primary function of United States trustees will be to establish, maintain, and supervise panels of private trustees to serve in liquidation cases under chapter 7 of the bankruptcy code.... United States trustees will also monitor the performance of panel members ... in order to determine whether they should be continued in or removed from panel membership....
 
 
 28
 H.R.Rep. No. 95-595 at 101-102, reprinted in 1978 U.S.C.C.A.N. at 6063. A leading commentator amplifies this sentiment:
 
 
 29
 The United States trustee ... has the unfettered power to remove members from the panel.... [W]hen individual case loads are high and interest in panel service is great, a United States trustee may need to remove a member for minor infractions or a lack of responsiveness in order to be able to adequately supervise a large panel. Furthermore, removal of panel members in order to allow others an opportunity to serve should be encouraged.
 
 
 30
 1 Collier on Bankruptcy p 6.20 (15th ed. 1979, updated 1996).
 
 
 31
 To obtain judicial review under the APA of her removal from the bankruptcy panel, Shaltry must use the judicial review provisions in 5 U.S.C. §§ 701-706. However, judicial review is unavailable to her under these sections because bankruptcy panel membership is committed to the discretion of the U.S. trustee.
 
 IV
 
 32
 Shaltry claims that her dismissal from the panel violated her asserted Fifth Amendment property right to panel membership. In support of her argument, Shaltry cites Alaska Airlines, Inc. v. City of Long Beach, 951 F.2d 977, 986 (9th Cir.1991) and Bell v. Burson, 402 U.S. 535, 539 (1991). Neither case supports Shaltry's position.
 
 
 33
 In Alaska Airlines, we held that, for the purposes of due process, air carriers have a property interest in the number of flights that they have been allocated at a particular airport. 951 F.2d at 986. We explained this property-interest status as follows: "Because of the advertisement and public announcement of flights, maintenance of these allocations is crucial to the continued functioning of their enterprise. A license such as these allocations, which is not the subject of an absolute entitlement but which nevertheless becomes 'essential in pursuit of a livelihood,' is 'not to be taken away without that procedural due process required by the Fourteenth Amendment.' " 951 F.2d at 986 (citing Bell, 402 U.S. at 539). We also noted that the mechanism by which flight allocations were to be reduced "constitutes, for all intents and purposes, a revocation for cause." Id. (noting that Bell also held that revocation for cause required notice and a meaningful hearing).
 
 
 34
 In Bell, an uninsured itinerant minister, for whom it was necessary to drive in order to earn a living, challenged the suspension of his driver's license and registration without a determination of fault following an accident. The Supreme Court held that the statutory scheme at issue violated due process to the extent that there was no meaningful hearing on the issue whether there was a reasonable possibility of judgment against the minister in the amount claimed by the other party involved in the accident. The Court added, "[t]his is but an application of the general proposition that relevant constitutional restraints limit state power to terminate an entitlement whether the entitlement is denominated a 'right' or a 'privilege.' " 402 U.S. at 539.
 
 
 35
 The district court distinguished these cases from Shaltry's case in three respects. First, membership on the panel confers no entitlement to anything; it merely means that Shaltry is "eligible and available" to serve as a private trustee. 28 U.S.C. § 586(a)(1). Second, appointment to the panel, unlike a driver's license, "depends on an affirmative act of discretion by the granting official." Dorfmont v. Brown, 913 F.2d 1399, 1403 (9th Cir.1990), cert. denied, 499 U.S. 905 (1991). Finally, membership on the panel does not entail a statutory promise of continued employment or membership. Any expectation of continued membership is unilateral; there is no "legitimate claim of entitlement" to membership. Board of Regents v. Roth, 408 U.S. 564, 577 (1972).
 
 
 36
 In the only other case to address this precise issue, the District Court for the Northern District of Ohio identified the same three reasons for distinguishing Chapter 7 panel membership from Alaska Airlines and Bell. Joelson v. United States, 179 B.R. 857, 862-863 (N.D.Ohio 1995).
 
 
 37
 Shaltry also cites Greene v. McElroy, 360 U.S. 474 (1959) and Dorfmont, 913 F.2d 1399 for the proposition that she could not, absent express authorization from Congress or the President, "lose her job" (i.e. be removed from the bankruptcy panel) without notice and a hearing. Because there is no such authorization in 5 U.S.C. § 558, Shaltry argues, the district court's decision is at odds with Greene and Dorfmont. Even assuming that her characterization of these cases is correct, and that they apply here, there is statutory authorization for the U.S. trustee to remove Shaltry from the panel. 28 U.S.C. § 586 gives the U.S. trustee discretion to appoint and remove individuals from the panel.[1]
 
 
 38
 Shaltry's desire to retain membership on the Chapter 7 panel is not a constitutionally protected property interest.
 
 V
 
 39
 Shaltry asserts in her complaint that her dismissal from the panel violated her Fifth Amendment due process rights with regard to her asserted liberty interest to pursue her chosen profession, and her asserted liberty interests in her good name, reputation, honor and integrity.
 
 
 40
 Shaltry has abandoned the former claim on appeal. She states in her brief, "As set forth in detail above, Ms. Shaltry [has suffered a loss of status] because of ... the unauthorized government interference with her right to pursue her chose[n] profession." But she does not argue anywhere in her brief that she has a constitutionally protected liberty interest in pursuing her chosen profession. The court "will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief." Officers for Justice v. Civil Serv. Comm'n, 979 F.2d 721, 726 (9th Cir.1992) (quoting International Union of Bricklayers Local 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985)), cert. denied, 507 U.S. 1004 (1993).
 
 
 41
 Shaltry does argue on appeal that she was deprived of a liberty interest in good name, reputation, honor and integrity. Her argument lacks merit. It rests principally on the premise that the "deprivation of her property rights in her panel membership and the unauthorized government interference with her right to pursue her chose[n] profession" satisfies the "stigma-plus" requirements of Hyland v. Wonder, 972 F.2d 1129, 1142 (9th Cir.1992), cert. denied, 508 U.S. 908 (1993). See also Paul v. Davis, 424 U.S. 693 (1976).
 
 
 42
 Under Hyland, the alleged injury to reputation "must be accompanied by the loss or alteration of a right or status recognized by [ ] law before the Due Process Clause is implicated." 972 F.2d at 1142. Because Shaltry's panel membership endured at the discretion of the U.S. trustee, the revocation of her panel membership was not "the loss or alteration of a right or status recognized by [ ] law."
 
 
 43
 Shaltry's dismissal from panel membership does not satisfy Hyland 's "stigma-plus" test.
 
 VI
 
 44
 Membership on a panel of bankruptcy trustees falls squarely within the discretion of the U.S. trustee. Because the actions of appointing and removing panel members is committed to agency discretion, no judicial review may be had under the APA. Likewise, there can be no legitimate claim of entitlement to panel membership, so there is no constitutionally protected property interest. Without any legal claim to panel membership, dismissal from the panel does not violate Shaltry's constitutional liberty interests. Shaltry's request for attorney's fees is denied.
 
 
 45
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because we conclude that Shaltry's argument fails even on her interpretations of Greene and Dorfmont, we do not address the accuracy of her interpretations