**In re John W. FAY, Debtor.**

**AGRIBANK, Movant,**

v.

**John W. FAY, Respondent.**

**Bankruptcy No. 93–20189–172.**
**Motion No. 2.**

United States Bankruptcy Court,
E.D. Missouri,
Northern Division.

July 2, 1993.

Fredrich J. Cruse, Hannibal, MO, trustee.

William L. Needler, Northbrook, IL, Robert W. Wheeler, Keytesville, MS, co-counsel for debtor.

Mark A. Bertsch, St. Louis, MO, Jerry Venters, Jefferson City, MO, for movant.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

The expedited hearing on the motion of AgriBank ("Movant") for relief from the automatic stay was called at approximately 4:35 p.m. on June 25, 1993. Mark A. Bertsch, Local Counsel for the Movant appeared in person and presented oral argument on the record. John W. Fay, the Debtor, appeared in person and announced that he would defer any extensive response to this motion to his bankruptcy attorneys, William L. Needler and Robert Wheeler. By means of a telephone conference call, Jerry Venters, Movant's Counsel in a non-bankruptcy proceeding presented oral arguments on the record. Although the Debtor's bankruptcy Counsel were not available for this expedited hearing, James Wheeler of the Wheeler Law Firm presented certain oral arguments in opposition to

the Movant's requests. At the conclusion of the hearing, the Court announced its determinations and orders from the bench.

This is a core proceeding pursuant to Section 157(b)(2)(A) and (G) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334, and Rule 29 of the Local Rules of the United States District Court for the Eastern District of Missouri.

■ The Debtor filed a Voluntary Petition under Chapter 12 of Title 11 of the United States Code at 3:48 p.m. on Friday, June 25, 1993. An Order For Relief was entered at that time. At 3:57 p.m. on that date, Movant filed this emergency motion for relief from the stay to permit the jury trial in a nonbankruptcy lawsuit to proceed as scheduled on Monday, June 28, 1993. After Movant's oral request for an expedited hearing was granted, Movant's Counsel provided telephonic notice of the proceedings to Debtor's Counsel. The Debtor was advised of this matter personally by Movant's Counsel. The Court finds and concludes that the notice satisfied the requirements of the Bankruptcy Code in this expedited matter. The facts necessary for this determination, as set out in the motion papers and the bankruptcy papers, are essentially not disputed.

On or about December 9, 1988, this Movant commenced a lawsuit against this Debtor and others for recovery on a promissory note in the original amount of $300,000.00. As a result of pretrial discovery procedures, the lawsuit now includes several additional counts for fraudulent conveyance. The Defendants' defenses include counterclaims alleging breach of contract and breach of implied contract.

The jury trial of the nonbankruptcy proceeding has been continued on at least four occasions at the request of the Defendants including this Debtor: September 8, 1992; November 9, 1992; January 18, 1993; and March 22, 1993.

The parties to the nonbankruptcy proceeding have conducted pretrial discovery and otherwise prepared for trial since the lawsuit was commenced on or about December 9, 1988. The Movant as Plaintiff in the nonbankruptcy proceeding announced that it is ready for trial on June 28, 1993.

Pursuant to 11 U.S.C. § 362(a)(1), commencement of a bankruptcy case operates as a stay of collection proceedings for claims and debts that existed prior to the entry of an order for relief. The filing of this Voluntary Petition under Chapter 12 operated to stay the Sullivan County proceeding in this case. Relief from the automatic stay may be granted for, among other reasons, cause. 11 U.S.C. § 362(d).

■ It is well established that the commencement of a bankruptcy case under Title 11 of the United States Code operates as a stay of several types of judicial proceedings, including a trial to collect a debt. *See Board of Governors v. MCorp Financial,* —— U.S. ——, ——, 112 S.Ct. 459, 463, 116 L.Ed.2d 358 (1991). However, when an election is made to commence the bankruptcy case on the eve of the trial of the nonbankruptcy proceeding, a debtor may be expected to stand ready to respond in the bankruptcy court to a defensive action such as a motion for relief from the automatic stay.

■ The Court has concluded that based on the record presented at this hearing, this Debtor is a necessary party to the nonbankruptcy proceedings. The automatic stay operates only as to this Debtor as a Defendant in the nonbankruptcy proceeding. *See Lynch v. Johns–Manville Sales Corp.,* 710 F.2d 1194, 1196 (6th Cir.1983). Even if it were determined that it would be legally permissible to sever the Debtor from the other Defendants in the nonbankruptcy proceeding, bifurcation of the nonbankruptcy jury trial would not be in the interests of judicial economy, would unnecessarily require two trials of essentially identical issues, and could be prejudicial to the claims of other non-debtor parties.

■ Chapter 12 of the Bankruptcy Code is intended to provide an expeditious procedure by which a family farmer may obtain confirmation of a repayment plan. The several deadlines established by Congress

in Chapter 12 are intended to require the debtor and the trustee to administer the case on a "fast track". The Debtor's bankruptcy papers list this Movant as the holder of the single largest unsecured debt. If the extent of the Debtor's liability to this Movant is not determined in the nonbankruptcy trial on June 28, 1993, the delay in obtaining such determination may frustrate or destroy any possibility of confirmation of a Chapter 12 plan.

Based on the record presented in this expedited proceeding, the Court has determined that allowing the nonbankruptcy proceeding to go forward will not jeopardize the bankruptcy estate in that collection of any judgment that may be entered against the Debtor will be subject to further order of the Bankruptcy Court. In fact, allowing the nonbankruptcy matter to proceed may assist the parties in the formulation of the Chapter 12 plan. *See Matter of Holtkamp*, 669 F.2d 505, 508 (7th Cir.1982); *Dixie ꞏ Broadcasting v. Radio WBHP, Inc.*, 871 F.2d 1023, 1026 (11th Cir.1989).

The Court has determined that cause exists to grant this request for relief from the automatic stay. Therefore,

**IT IS ORDERED** that this hearing is concluded; and that the Movant is granted relief from the automatic stay to permit continuation of the nonbankruptcy proceeding in Sullivan County, Missouri as described in these documents; except that by agreement, any judgment against this Debtor is uncollectible from the assets of this estate or from the Debtor's assets without a further order of the Bankruptcy Court.

### REMOVAL

Approximately sixteen minutes after filing the Voluntary Petition for relief under Chapter 12, the Debtor filed an Adversary Complaint to remove the civil action referred to above from the Sullivan County Circuit Court to this Court. At the expedited hearing on the request for relief from the automatic stay, the Movant announced that it had not received notice of the removal action. Pursuant to Rule 9027

of the Federal Rules of Bankruptcy Procedure (FRBP), a notice of removal is to be filed with the clerk of the court, accompanied by a copy of all process and pleadings. The complaint and summons filed in this Adversary Proceeding did not contain the process and pleadings from the Sullivan County Circuit Court. Nonetheless, at the conclusion of this expedited hearing, this Court entered certain determinations and orders as though the Adversary Proceeding had satisfied the minimal requirements of Rule 9027.

The nonbankruptcy action has been scheduled for a jury trial on Monday, June 28, 1993. The United States Court of Appeals for the Eighth Circuit has found "no statutory authorization afforded bankruptcy judges or courts to conduct jury trials on legal proceedings", and that such matters are to be transferred to the United States District Court. *In re United Missouri Bank of Kansas City, N.A.*, 901 F.2d 1449, 1457 (8th Cir.1990).

Even if the nonbankruptcy lawsuit were to be transferred to the United States District Court on Monday, June 28, 1993, it is unrealistic to believe that a civil jury trial could be commenced immediately. Continued removal of the nonbankruptcy lawsuit would result in considerable delay in liquidating the Movant's claim and determining the extent of any liability of this Debtor.

The nonbankruptcy lawsuit includes several parties/defendant who are not debtors under Title 11 of the United States Code. Without further proceedings, the bankruptcy court jurisdiction over these nondebtor parties is at least questionable and may be nonexistent.

As described to the Court in this proceeding, other than the limited jurisdiction granted under Title 11, the bankruptcy court and the United States District Court may not enjoy subject matter jurisdiction over all the issues in the Sullivan County lawsuit. The interests of all parties would be best served by litigating and resolving all issues in one forum where jurisdiction appears to be settled.

The delay that will result from the continued removal of this matter to the Federal Courts is unduly prejudicial to the Movant, and may be prejudicial to some of the nondebtor defendants. As noted above, the Debtor's voluntary petition for relief under Chapter 12 (and the intended "fast track" administration of a family farmer case) appear to be inconsistent with the delays that will necessarily result from the continued removal of this nonbankruptcy jury trial to the Federal Courts.

The Court to which a cause of action has been removed may remand the cause of action on any equitable ground. 28 U.S.C. § 1452(b). A motion for remand shall be governed by Rule 9014, FRBP. *See* Rule 9027(d), FRBP. Courts have considered numerous circumstances which may be the basis for equitable grounds for remand of a removed cause of action. *See*, e.g., *In re U.S. Air Duct Corp.*, 8 B.R. 848, 854 (Bankr.N.D.N.Y.1981).

This Court has concluded that all of the determinations set out in this discussion, and those set out in the discussion concerning the request for relief from the stay are equitable grounds for remand of this cause of action.

**IT IS ORDERED** that this matter is concluded; and that the oral request of AgriBank FCB ("Defendant") to remand a proceeding described as "AgriBank vs. Harlow Fay, Inc., et al", Case No. CV689–20CC to the Circuit Court of Sullivan County, Missouri, pursuant to 28 U.S.C. § 1452(b) and Rule 9027(d), FRBP, is granted; and that this Adversary Proceeding is concluded; and that the Sullivan County proceeding is remanded to the Sullivan County Circuit Court for other and further proceedings, including a jury trial as scheduled for June 28, 1993; and that the Defendant's request to otherwise dismiss this complaint is granted; judgment on the Adversary Complaint and on the Defendant's oral motion is entered in favor of the Defendant.