_____

No. 96-1789
_____

In re:  Stute Company, Inc.      *
                                 *
        Debtor.                  *
                                 *
---------------------            *
                                 *  Appeal from the United States
State Bank of Benkelman,         *  District Court for the
                                 *  District of Nebraska.
        Appellee,                *
                                 *     [UNPUBLISHED]
     v.                          *
                                 *
Stute Company, Inc.,             *
                                 *
        Appellant.               *


                     _____

        Submitted:  December 6, 1996

          Filed:  December 12, 1996
                     _____

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
                     _____

PER CURIAM.


     Stute Company, Inc. ("Stute") appeals from an affirmance by
the district court[1] of a bankruptcy court[2] order granting State Bank
of Benkelman ("Bank") relief from an automatic stay, pursuant to 11
U.S.C. § 362(d)(1).  We dismiss the appeal as moot.

---

[1]The Honorable Warren K. Urbom, United States District Judge
for the District of Nebraska.

[2]The Honorable John C. Minahan, Jr., United States Bankruptcy
Judge for the District of Nebraska.

In 1988, Stute filed for bankruptcy under Chapter 12; a second amended plan of reorganization was confirmed in 1989. In 1995, on the Bank's motion, the bankruptcy court dismissed the Chapter 12 proceeding after finding that Stute had failed to make the payments required by the plan. Following the dismissal, the Bank published the required five-week notice of a foreclosure sale to be held on Monday, April 17, 1995. Six days before the April 17 sale, Stute filed a Chapter 11 bankruptcy petition and proposed plan of reorganization. On Friday, April 14, the Bank received notice of the Chapter 11 filing; and immediately filed a motion for relief from the automatic stay, alleging this bankruptcy filing was solely to delay the sale and was thus in bad faith, and a request for an expedited hearing on its motion. On that same day, the court granted the request for the hearing, notified Stute, and scheduled a telephonic hearing for the following Monday. Both Stute and the Bank participated in the hearing.

At the telephonic hearing, the court lifted the automatic stay for cause under section 362(d)(1), after concluding that notice of the hearing was sufficient under the circumstances, and that Stute's Chapter 11 petition had been filed in bad faith. With the stay lifted, the foreclosure sale proceeded as planned, and the collateral was sold to a third party. The court denied Stute's subsequent motion to reconsider. The district court affirmed. Stute timely appealed, contesting the adequacy and notice of the hearing, and the lifting of the automatic stay.

An appeal from a bankruptcy court's order setting aside an automatic stay is rendered moot by the sale of the collateral to a third party. Markstein v. Massey Assoc., Ltd., 763 F.2d 1325, 1327 (11th Cir. 1985) (court is powerless to rescind foreclosure sale where debtor did not obtain stay of sale pending appeal); In re Van Iperen, 819 F.2d 189, 191 (8th Cir. 1987) (per curiam) (citing Markstein with approval and holding foreclosure sale of collateral mooted debtor's appeal because once collateral is converted into

-2-

cash, no court is able to formulate relief). Because Stute did not request a stay of the bankruptcy court's order and the collateral was sold to a third party, we conclude this appeal is moot. We decline to address Stute's argument otherwise. See In re Hanna, 912 F.2d 945, 948 (8th Cir. 1990) (declining to address debtor's argument raised for the first time in appeal); Weiner v. Eastern Arkansas Planting Co., 975 F.2d 1350, 1357 n.6 (8th Cir. 1992) (refusing to consider argument raised for first time in reply brief).

Moreover, we reject Stute's challenges to the notice and adequacy of the hearing as without merit. See In re Fay, 155 B.R. 1009, 1011 (Bank. E.D. Mo. 1993) (holding notice on Friday of Monday hearing on emergency motion to lift automatic stay satisfied bankruptcy notice requirement).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.