127 F.3d 1192
 31 Bankr.Ct.Dec. 869, 97 Cal. Daily Op. Serv. 8463,
97 Daily Journal D.A.R. 13,663
 Richard BROOKS, Plaintiff-Appellant,
v.
UNITED STATES Of America; Department Of Justice; Adrianne
Kalyna, individually and in her official capacity as U.S.
Trustee for the District of Arizona; John Doe Kalyna,
husband; Don C. Fletcher, individually; Christine
Fletcher, wife of Don C. Fletcher; Lynn Layton,
individually; James Layton, husband of Lynn Layton;
Michelle R. Hankins; John Doe Hankins, husband of Michelle
R. Hankins; Joseph Patchan, in his official capacity as
United States Trustee, Defendants-Appellees.
 No. 96-17285.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 9, 1997.
Decided Nov. 4, 1997.
 
 Ronald J. Ellett, Law Offices of Ronald J. Ellett, Phoenix, Arizona, for the plaintiff-appellant.
 Mark B. Stern, United States Department of Justice, Washington, DC, for the defendants-appellees.
 Appeal from the United States District Court for the District of Arizona; Earl H. Carroll, District Judge, Presiding. D.C. No. CV-94-02597-EHC.
 Before: SNEED, SCHROEDER and BRUNETTI, Circuit Judges.
 SCHROEDER, Circuit Judge.
 
 
 1
 The United States Trustee for the District of Arizona in 1994 removed appellant Richard Brooks from the panel of Chapter 7 Bankruptcy Trustees for the District. He filed a complaint against the United States, the U.S. Trustee, and other federal employees. The district court dismissed the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim on which relief could be granted. In this appeal, Brooks contends he has stated a claim that his removal violated his due process rights. We affirm the district court's dismissal.
 
 
 2
 Congress created the U.S. Trustee Program within the Department of Justice to assume the administrative responsibilities for bankruptcy cases. See 28 U.S.C. § 586 (1993). Under the trustee program, the Attorney General appoints a U.S. Trustee in each of twenty-one regions across the United States. See 28 U.S.C. § 581. One of the primary responsibilities of each U.S. Trustee is to "establish, maintain and supervise" a panel of persons who are eligible and available to serve as trustees in cases filed under Chapter 7 of the Bankruptcy Code. 28 U.S.C. § 586(a). The U.S. Trustee may appoint to a Chapter 7 trustee panel any individual meeting minimal eligibility requirements. 11 U.S.C. § 321 (1993); 28 C.F.R. § 58.3 (1996). The U.S. Trustee's discretion to appoint panel members from the pool of eligible persons is limited only by a prohibition against discrimination "on the basis of race, color, religion, sex, national origin or age." 28 C.F.R. § 58.5.
 
 
 3
 Panel members are typically placed in "rotation" for appointment to particular cases as an interim trustee. See 11 U.S.C. § 701(a)(1) (1993). Once assigned to a particular bankruptcy case, a trustee can be removed from a pending case only if the bankruptcy court finds cause after notice and a hearing. See 11 U.S.C. § 324(a). No similar requirements apply to the trustee's discretion to withhold a panel member's appointment to future cases or reappointment to the trustee panel.
 
 
 4
 Richard Brooks was first appointed to the panel of Chapter 7 trustees for the District of Arizona in April 1987. He was reappointed in 1988. Brooks's final reappointment to the Chapter 7 trustee panel was for a period of one year commencing December 31, 1993. The accompanying letter from the U.S. Trustee noted that "[a]s always, this appointment may be terminated at my discretion."
 
 
 5
 Beginning in 1991, Brooks received letters from the Arizona Trustee's Office indicating concerns over his performance. These concerns were also reflected in a Trustee Evaluation Report given to Brooks at the end of 1993. Brooks was removed from active rotation in May 1991 and again in July 1993. In September 1994, after meeting with Brooks, the U.S. Trustee informed him that he would not be reappointed to the Trustee panel. Brooks was given, and took, the opportunity to respond to the complaints of his poor performance. He was asked to provide written explanations for discrepancies in his cases, and the office staff met with him on several occasions to discuss his performance deficiencies. These proceedings are acknowledged in the pleadings and the exhibits attached thereto.
 
 
 6
 Brooks filed this suit in December 1994. The district court stayed the proceedings pending the disposition of a similar case, Shaltry v. United States, 182 B.R. 836 (D.Ariz.1995), that held members of Chapter 7 panels had no liberty or property interest in continuing panel membership. This court affirmed without a published opinion. See Shaltry v. United States, 87 F.3d 1322 (9th Cir.1995). The district court then rendered its judgment in favor of defendants in Brooks's case.PROPERTY INTEREST
 
 
 7
 Brooks contends that his membership on the panel was a protected property interest that entitled him to due process before removal. To have a property interest in panel membership, the appellant must have a "legitimate claim of entitlement to it;" an "abstract need or desire" or a "unilateral expectation of it" will not suffice. Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).
 
 
 8
 The statutes and regulations pursuant to which Brooks served as a panel member provided no entitlement to continued service on the panel. There are no statutory limits on the Trustees' discretion beyond those contained in civil rights statutes. See 28 C.F.R. § 58.5. In addition, the regulation at the time provided for no formal review procedures. See id. We agree with the reasoning of the Sixth Circuit in Joelson v. United States, 86 F.3d 1413 (6th Cir.1996), that because continued membership on the panel depended solely on the discretion of the U.S. Trustee, the plaintiff had no protected property interest. "Appointment to the trustee panel meant only that [the plaintiff] was eligible and available to serve as a trustee, and did not grant him an affirmative right to continued membership on the panel." Id. at 1421.
 
 LIBERTY INTEREST
 
 9
 Brooks's more vociferous contention in this appeal is that he was deprived of a liberty interest without due process. Relying on Greene v. McElroy, 360 U.S. 474, 492, 79 S.Ct. 1400, 1411, 3 L.Ed.2d 1377 (1959), he contends that the termination of his membership on the panel deprived him of his right to follow his "chosen profession." He points out that he has served as a trustee for several years, has accumulated expertise, and that the action of the U.S. Trustee will impair his future ability to earn a living. In Greene, however, the Department of Defense deprived the plaintiff of a security clearance without any authority to do so having been granted by either the President or Congress. It was this lack of authority for the Defense Department to interfere in plaintiff's pursuit of his profession that created his expectation of continued, unimpeded employment. Here, the statute enables the Trustee to permit qualified persons to serve at the Trustee's discretion. There is no requirement that persons be dropped from the panel only upon a showing of cause and no procedural limitation on the termination of panel membership. See 28 C.F.R. §§ 58.1-58.5. See also Dorfmont v. Brown, 913 F.2d 1399, 1404 (9th Cir.1990) (holding that revocation of a security clearance was not subject to a due process claim because there was explicit presidential authorization for the procedures utilized).
 
 
 10
 Brooks also relies upon Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971), where the Supreme Court held that the state could not revoke an itinerate minister's driver's license after conducting administrative proceedings that failed to inquire into the minister's fault in an accident. The issue in Bell was the suspension of a license acknowledged by all parties to require cause before revocation or suspension. Id. at 539, 91 S.Ct. at 1589 (citing Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970)). See also 5 U.S.C. § 557(c) (provision of the Administrative Procedure Act requiring notice in writing and an opportunity to respond before the suspension or revocation of a "license"); 5 U.S.C. § 551(8) (defining "license"). Moreover, the loss of a driver's license disqualifies persons from the pursuit of livelihood in many jobs and professions. See Bell, 402 U.S. at 539, 91 S.Ct. at 1589. Here, the membership on the Trustee panel means only that Brooks has met certain minimum requirements, such as completion of hours of undergraduate training in business related courses, or has a law or accounting degree; these are qualifications that would enable a panel member to pursue many business related professions.[1] The action of the Trustee in removing him from the panel did not disqualify him from any such pursuits. No significant liberty interest has been implicated.
 
 
 11
 Even assuming a liberty interest of some sort is implicated, the pleadings reflect that Brooks's performance was evaluated by the Trustee, that he received copies of the evaluation, was thereby informed of deficiencies, and further, was given an opportunity to respond. He has received all the process due. See Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972) ("[D]ue process is flexible and calls for such procedural protections as the particular situation demands"); Greenwood v. FAA, 28 F.3d 971, 975 (9th Cir.1994). There was no need for a more formal proceeding.
 
 
 12
 The informal procedures in use at the time relevant to this litigation are superceded by more formal procedures in newly enacted regulations, effective November 3, 1997. Rules and Regulations, 62 Fed.Reg. 51,740 (1997) (to be codified at 28 C.F.R. pt. 58). The new regulations recognize that members of the panel have always been offered informal, procedural safeguards like those afforded Brooks. See 62 Fed.Reg. at 51,742.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 The relevant portion of the regulation provides:
 "The qualifications for membership on the panel are as follows:
 (1) Possess integrity and good moral character.
 (2) Be physically and mentally able to satisfactorily perform a trustee's duties.
 (3) Be courteous and accessible to all parties with reasonable inquiries or comments about a case for which such individual is serving as private trustee.
 (4) Be free of prejudices against any individual, entity, or group of individuals or entities which would interfere with unbiased performance of a trustee's duties.
 (5) Not be related by affinity or consanguinity within the degree of first cousin to any employee of the Executive Office for United States Trustees of the Department of Justice, or to any employee of the office of the U.S. Trustee for the district in which he or she is applying.
 (6)(i) Be a member in good standing of the bar of the highest court of a state or of the District of Columbia; or
 (ii) Be a certified public accountant; or
 (iii) Hold a bachelor's degree from a full four-year course of study (or the equivalent) of an accredited college or university (accredited as described in part II, § III of Handbook X118 promulgated by the U.S. Office of Personnel Management) with a major in a business-related field of study or at least 20 semester-hours of business-related courses; or hold a master's or doctoral degree in a business-related field of study from a college or university of the type described above; or
 (iv) Be a senior law student or candidate for a master's degree in business administration recommended by the relevant law school or business school dean and working under the direct supervision of:
 (A) A member of a law school faculty; or
 (B) A member of a panel of private trustees; or
 (C) A member of a program established by the local bar association to provide clinical experience to students; or
 (v) Have equivalent experience as deemed acceptable by the U.S. Trustee.
 ...."
 
 
 [28]
 C.F.R. § 58.3(b)