**In re: Frank William GEORGE, Debtor.**

---

Frank William George, Appellant,

v.

United States Internal Revenue Service, Appellee.

No. 00–16082.
D.C. No. CV–99–00085–PHX–ROS.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 31, 2000.*

Decided Feb. 13, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WRIGHT, CHOY, and SKOPIL, Circuit Judges.

### MEMORANDUM **

Debtor Frank William George appeals pro se the district court's order affirming the bankruptcy court's denial of his motion to vacate its order lifting the automatic stay in his bankruptcy case. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

The Commissioner of Internal Revenue issued a notice of deficiency in George's 1993 and 1994 federal income taxes. George filed in the United States Tax Court for a redetermination of the deficiencies. Three days before the scheduled trial date, he petitioned the bankruptcy court for relief under Chapter 13 of the Bankruptcy Code. Filing the petition triggered an automatic stay prohibiting continuation of his pending action in Tax Court. *See* 11 U.S.C. § 362(a)(8). The United States moved in bankruptcy court to lift the stay and for an expedited hearing on the motion so that the trial in Tax Court could proceed as scheduled.

The bankruptcy court held an expedited hearing at which George presented his objections to the motion, and the court granted the government's motion to lift the automatic stay. George moved to vacate the order and the bankruptcy court denied his motion. George appealed both orders to the district court which held that it had no jurisdiction to review the order lifting the automatic stay because it was not timely filed. The court considered the merits of the appeal of the denial of George's

Motion to Vacate and held that the bankruptcy court did not abuse its discretion. George concedes that his first motion was not timely, but appeals the court's decision on his Motion to Vacate.

■ This court reviews for a clear showing of abuse of discretion a Rule 60(b) decision. *See In re Stein,* 197 F.3d 421, 424 (9th Cir.1999). We review de novo, however, a district court's denial of a Rule 60(b)(4) motion to set aside a judgment as void. *See Export Group v. Reef Indus., Inc.,* 54 F.3d 1466, 1469 (9th Cir.1995).

George contends that his appeal to the district court of the order denying his Motion to Vacate was pursuant to Federal Rule of Civil Procedure 60(b)(4), and that the district court should not have construed it as a Rule 60(b)(1) motion alleging mistake. He argues that the order was void under Rule 60(b)(4) for two reasons: (1) because the United States lacked standing to move to lift the stay, and (2) because service of the Motion to Lift the Automatic Stay and notice of the hearing on that motion did not satisfy due process requirements.

George argues that the United States lacked standing as a "party in interest" in the bankruptcy case because it had not initiated an adversary proceeding in bankruptcy court to determine the dischargeability of his disputed taxes. He contends that a taxing authority must file for determination of tax liability under 11 U.S.C. § 505 in order to qualify as a "party in interest" who may move to lift an automatic stay under 11 U.S.C. § 362(d).

Section 362(d) allows only a "party in interest" to seek to lift an automatic stay. The "Historical and Statutory Notes" for the Bankruptcy Code's Rules of Construc-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

tion state that this limitation is intended to restrict the court from acting sua sponte, and that "[r]ules of bankruptcy procedure or court decisions will determine who is a party in interest for the particular purposes of the provision in question. . . ." 11 U.S.C. § 102.

■ George offers no support, nor has any been found, for his contention that the IRS must first file a petition under § 505 to be considered a "party in interest." The district court properly concluded that the IRS was a "party in interest" entitled to request that the stay be lifted because the Commissioner had issued a deficiency notice in George's income taxes prior to George's bankruptcy filing, and was a party to the scheduled tax court proceeding for which relief from the stay was sought. *Cf. Noli v. C.I.R.*, 860 F.2d 1521, 1524 (9th Cir.1988) (debtor filed bankruptcy petition on morning of Tax Court trial and trial was recessed while bankruptcy court considered and granted government's motion to lift automatic stay).

■ George also argues that the United States did not have "standing" because it could not establish "cause" for the stay without the appearance of a bankruptcy trustee. He argues that because a purpose of an automatic stay is to permit sufficient time for the bankruptcy trustee to determine if he desires to join the Tax Court case, the stay cannot be lifted until the trustee makes that determination.

We disagree. George fails to provide any legal support for the argument, and none has been found.

George also contends that the bankruptcy court should have vacated its order lifting the stay because due process requirements were violated. He argues that he received improper service of the motion to lift the stay and inadequate notice of the hearing on the motion.

■ A bankruptcy court may grant relief from an automatic stay "after notice and a hearing." 11 U.S.C. § 362(d). The required notice is that which "is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Walthall v. United States*, 131 F.3d 1289, 1294 (9th Cir.1997) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). Reasonable notice depends upon the situation. *See Brooks v. United States*, 127 F.3d 1192, 1195 (9th Cir.1997). A bankruptcy court in Missouri held that because a jury trial was scheduled for the next working day, notice of a hearing on a motion to lift a stay was sufficient where notice was given an hour before the hearing and both parties appeared. *See In re Fay*, 155 B.R. 1009, 1011 (Bankr.E.D.Mo.1993).

■ Here, George's bankruptcy filing three days before trial was scheduled to begin in his Tax Court case triggered an automatic stay that prevented the Tax Court trial from proceeding. *See* 11 U.S.C. § 362(a)(8). The United States moved, the day after the bankruptcy filing, to lift the automatic stay, and requested an expedited hearing on the motion so that the trial could proceed. The Government attempted to notify George of the motion by sending a copy to him via both facsimile transmittal and Federal Express Priority Overnight, and also left a message on his telephone answering machine informing him of the filing of the motion. Later the same day, the bankruptcy court issued a written order setting a hearing on the motion to lift the stay for the following day at 3:30, and instructing the Government to "immediately serve a copy of this Order on

the debtor ... by facsimile, over-night mail, express mail, or other appropriate means...." Shortly after 8:00 AM the following day, the Government sent a copy of the order to George by facsimile and by Federal Express. George received the order approximately four hours prior to the hearing, appeared at the hearing, and raised issues on his behalf.

We agree with the district court that service and notice were adequate under the circumstances. The judgment of the bankruptcy court was not void for lack of either jurisdiction or due process, and it was not an abuse of discretion for the bankruptcy court to deny the motion to vacate its order lifting the automatic stay.

AFFIRMED.